## FUKUNAGA v. TERRITORY OF HAWAII.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

Rehearing Denied July 15, 1929.

No. 5730.

Eric M. Lyders and W. D. Prideaux, both of San Francisco, Cal., and Robert K. Murakami, of Honolulu, Hawaii, for appellant.

George M. Naus and George J. Hatfield, both of San Francisco, Cal., and James F. Gilliland, City and County Atty., and Francis Brooks, Deputy City and County Atty., both of Honolulu, Hawaii, for Territory of Hawaii.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. Appellant was convicted of murder in the first degree and sentenced to be hanged. He appeals to this court and urges a federal question in the alleged deprivation of the right guaranteed to him by the Sixth Amendment to the Constitution of the United States, providing that an accused should be confronted by the witnesses against him.

Shortly after his apprehension, the appellant confessed to the kidnapping and killing of George Gill Jamieson, a 10 year old school boy. In his confession he stated he had studied up the murders by Leopold and Loeb in Chicago, and by Hickman (see People v. Hickman (Cal. Sup.) 268 P. 909), and confessed that in pursuance of this plan he ascertained by telephone that George Gill Jamieson was attending school; that his father was at the bank, and his mother was at home. Thereupon he hired a taxicab, visited the school, secured possession of the boy by stating that his mother had been severely injured and wanted to see her son, took the child to a place near the Seaside Hotel, where appellant had been employed at one time, and there in a secluded place proceeded to kill the boy by pounding him on the head with a chisel, and, failing in that, by choking him to death. Thereafter, he discarded his blood-stained clothing, made his escape, and made a written demand upon the father for the sum of $10,000. Pursuant to this demand the father repaired to the place indicated and handed the appellant $4,000 in $5 bills, which he had secured from the bank for the purpose. The accused fled with the money handed to him without delivering over the kidnapped child as he had agreed. The body was, however, shortly after discovered. According to his confession, appel-

lant used part of the money to purchase flowers to send to the funeral of the murdered boy and 782 of the $5 bills were discovered in the room of the accused. On arraignment the appellant pleaded guilty, but the trial court, believing that it was essential under the laws of Hawaii that the degree of guilt be determined by a jury, entered a plea of not guilty, appointed attorneys to represent the accused, and thereafter proceeded to a trial of the matter before a jury. On the trial the confession of the accused was admitted in evidence and this confession was corroborated by the written demand upon the father and by his testimony as to the payment of money, by the identification of the accused as the party who took the murdered boy from the schoolhouse, and by the taxicab driver as the party who had left the taxicab with the kidnapped boy near the Seaside Hotel. A letter written by the accused to the Star Bulletin indicating his guilt and his intentions to surrender himself if he was not quickly apprehended was also introduced in evidence. There was thus ample evidence that the appellant killed George Gill Jamieson. Certain stipulations were entered into with relation to the production of evidence, and it is contended on this appeal that the stipulation made by counsel in the case deprived appellant of his constitutional right to be confronted by the witnesses against him. His contention was thus stated in the brief:

"During the trial proof of material facts was dispensed with, such facts being stipulated by the attorneys for the Territory and the attorneys for the defendant as follows:

"(1) It was stipulated that Prosecution's 'Exhibit F,' a letter and a $5.00 bill and envelope was received in the mail by the 'Star Bulletin' and that one Mr. Farrington, if called, would so testify.

"(2) That the defendant killed George Gill Jamieson, the boy referred to in the indictment.

"(3) That the exhibits introduced in evidence be considered as having been read to the jury."

The point urged is that, "The right to be confronted with witnesses testifying against him can only be waived by defendant personally and not by his attorney without the defendant's consent," and that, appellant "being a minor and incapable of entering into any binding agreement, there can be no presumption that he consented to the stipulation."

It is so well settled that a defendant can waive his right to be confronted by a witness against him (Salinger v. United States, 272 U. S. 542, 548, 47 S. Ct. 173, 71 L. Ed. 398, and cases there cited; Diaz v. United States, 223 U. S. 442, 449, 450, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138), that the case does not present any real substantial federal question essential to the jurisdiction of this court. The question comes within the rules stated by the United States Supreme Court in Equitable Life Assur. Soc. v. Brown, 187 U. S. 308, 311, 23 S. Ct. 123, 125 (47 L. Ed. 190), as follows: Where the federal question raised "is so absolutely devoid of merit as to be frivolous, or has been so explicitly foreclosed by a decision or decisions of this court as to leave no room for real controversy, the motion to dismiss will prevail." See, also, Hamblin v. Western Land Co., 157 U. S. 531, 532, 13 S. Ct. 353, 37 L. Ed. 267; Swafford v. Templeton, 185 U. S. 487, 493, 22 S. Ct. 783, 46 L. Ed. 1005.

During the trial it was stipulated that the appellant was under 20 years of age. The question as to whether or not that affected the authority of the attorney to stipulate on his behalf was not raised in the court below, although attempted to be raised here. No authority is cited to support that proposition and it is believed that none can be found. There is nothing in this proposition, and, if there was, the question would not be a federal question, but one dependent upon the local law of the Territory fixing the age of majority.

The appellee, in his brief, prays that the appeal may be dismissed.

Appeal dismissed.