THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELIPE VÁZQUEZ ROSARIO, Defendant and Appellant.

Nos. 15296–15297. Argued February 2, 1952.—Decided June 16, 1953.

*Guillermo S. Pierluisi* and *Ramón R. Cabrera,* for appellant.
*José Trías Monge, Attorney General, (Juan B. Fernández
Badillo, Acting Attorney General,* on the brief) and *J.
Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

In the former District Court of Puerto Rico, Ponce Section, Felipe Vázquez Rosario was charged with murder in the second degree. The jury returned a verdict of voluntary manslaughter. Defendant moved for the annulment of the verdict and for a new trial, and his motion was denied.

The aforesaid court sentenced him to a term of from one to three years' imprisonment in the penitentiary. He was also found guilty of carrying weapons and sentenced to six months in jail. Defendant appealed from the order denying his motion for a new trial and from the judgments of conviction of manslaughter and of carrying weapons.

Defendant prays for the reversal of the conviction of manslaughter and for his acquittal or an order for a new trial. He contends that the lower court committed the following errors: (1) in admitting before the jury had been impaneled, and therefore, in its absence, a stipulation entered into by the Government and the appellant's counsel as to testimony that would be given by a certain witness, if he should take the stand, (2) in instructing the jury regarding inferences that could be made from statements of the prosecuting attorney and of appellant's counsel as to a sworn statement of a witness who had not been summoned to testify at the trial held by the prosecuting attorney, (3) in stating to the jury, with reference to the statements made by the prosecuting attorney and the defendant's attorney "you should disregard this incident, which unfortunately had to be discussed before the gentlemen of the jury," (4) in ordering appellant, while testifying as a witness, "not to tell the complete history of his case but to strictly confine himself to answering the questions," (5) in allowing the prosecuting attorney to examine appellant with regard to his commission of other crimes, (6) in failing to instruct the jurors that they ought to "disregard all evidence of other crimes committed by the defendant, which evidence was obtained through the prosecuting attorney's examination." [1]

■■ Appellant's first assignment of error should not prevail. After the case of murder in the second degree was called for trial and the parties stated that they were ready

---

[1] No brief was filed in the case of carrying weapons and no reference to said case is made in the brief filed in this appeal challenging the conviction for manslaughter.

and before the jury was impaneled, in appellant's presence, the prosecuting attorney and his counsel stipulated that if Dr. Héctor Hoyos Napoleoni should testify, his testimony would be identical with his statement in the autopsy certificate of Ángel García Burgos; that his death was due to a bullet wound fired by appellant.[2]

After the jury had been impaneled, the district attorney, without objection of appellant's counsel, and on the basis of the stipulation, offered in evidence the autopsy certificate in place of Dr. Hoyos' testimony. The document was admitted by the trial court, which stated:

"The court, by stipulation of the parties, which is hereby approved, admits the autopsy certificate issued by Dr. Héctor Hoyos Napoleoni, to the effect that should the doctor take the witness stand, his testimony would be identical with the statement contained in his certificate. The secretary is now ordered to read the autopsy certificate to the gentlemen of the jury, and to mark it as *exhibit* one of the People."

Again the prosecuting attorney and appellant's counsel agreed to the stipulation that appellant had killed García Burgos and the stipulation was approved by the court.

It is evident that the basis for appellant's complaint is that the original stipulation was agreed upon before the jury was impaneled. He does not cite authorities in support of his contention. His counsel was authorized to enter into the stipulation. *People* v. *Vargas*, 74 P.R.R. 134; *People* v. *Wilson*, 78 C.A. 2d 108; *People* v. *Cohen*, 94 C.A. 2d 451; *Fukunaga* v. *Territory of Hawaii*, 33 F. 2d 396, and he can not here complain of the use by his counsel of that authority. *People* v. *Wilson, supra*. The fact that said stipulation was entered into before the jury was impaneled is not important since the jury was informed of it as well as of the contents of the certificate admitted as a substitute for Dr. Hoyos' testimony. Not only was the jury aware of said stipulation

---

[2] Appellant was prosecuted and sentenced for killing Ángel García Burgos.

and of the autopsy certificate during its deliberation, but also everything that had been agreed between the prosecuting attorney and appellant's counsel before the jury was impaneled, was amply repeated and ratified by both parties in their presence.

■ The second and third assignments of error were not committed by the trial court. While the prosecuting attorney was examining a certain witness, and upon referring to another by the nickname of "El Forro," appellant's counsel interrupted him stating that the prosecuting attorney had the statement given by the latter; the prosecuting attorney replied that counsel should not "make such accusations because I have no such statement." Defendant's counsel then stated that "El Forro" had testified before the judge, and the trial court made the following remark: "The parties should not make those statements before the jury." Both the prosecuting attorney and the counsel for the defendant engaged in argument and the incident was closed with the following statement made by the court:

"The court has interfered because of those statements made before the jury. When the parties wish to make any statements, they can ask leave of court for the withdrawal of the jury, since an inference might be drawn'that the Government,. having said statement, did not call that witness as its witness,. and it might be inferred that the testimony was suppressed because it would be adverse to the People of Puerto Rico, and since the gentlemen of the jury were present I believe that it is improper to make statements of such a nature in the presence of the jury. The question of whether or not a witness appears as a witness for the People, should be discussed in the absence of the jury. The court instructs the gentlemen of the jury to disregard this incident, which unfortunately had to be discussed before the gentlemen of the jury."

Said statements could not injure appellant's rights. If at all prejudicial, it would have been to the appellee.

■ Let us turn now to the fourth assignment of error. Appellant complains that the trial court ordered him, while

testifying at the trial, not to tell the whole history of his case but to limit himself to answering the questions. He urges that such instructions deprived him of his right to testify and that it "prejudiced him before the jury," causing on the latter an unfavorable impression "as to the method used by the defendant in setting forth his case." Appellant is wrong. He took the witness stand and gave a detailed statement with regard to his case when he was examined by his counsel and cross-examined by the prosecuting attorney. When the latter asked him a specific question, appellant repeated part of what he had already stated and the court made the following remark: "Do not give the whole history of the case and do not repeat. Don't tell the whole story. Limit yourself strictly to answering the question. We are trying to avoid a prolongation of this case." We are convinced that said remarks did not deprive appellant of his right to testify and that they could not result in an unfavorable impression on the jury. Our conclusion with respect to this assignment of error is supported by our decision in *People* v. *Román*, 42 P.R.R. 620, 623.

In the last two assignments, the fifth and the sixth, it is contended that the lower court erred in allowing the prosecuting attorney to examine the appellant as to the commission of other crimes, and in failing to instruct the jury that they should disregard defendant's testimony in that connection. Appellant has no grounds for complaint. He predicated his case on the theory that he had killed García Burgos in self-defense. He took the stand and on cross-examination the prosecuting attorney asked him whether he had been convicted of another offense. His counsel objected and the prosecuting attorney replied that it was a case in which self-defense was alleged. Without waiting for the ruling of the court as to his objection, counsel for the appellant stated that he would withdraw it, and allowed the prosecuting attorney to go on with his cross-examination and

appellant to answer it. At no time did he ask the court *a quo* to instruct the jury to the effect that they should disregard what appellant had testified concerning his criminal record, a subject which counsel also covered on re-direct examination.

In view of those circumstances, we do not believe that we should consider the merits of the errors which appellant charges on the trial court. We have decided that, "when a defendant permits evidence to go in which, if proper objection were made would be excluded, he can not be allowed for the first time in the appellate court to object to the character of the evidence." *People* v. *Silva*, 17 P.R.R. 577; *People* v. *Ramos*, 36 P.R.R. 739; *People* v. *Miranda*, 56 P.R.R. 574; *People* v. *Figueroa*, 59 P.R.R. 909; *People* v. *Pierantoni*, 67 P.R.R. 755; *People* v. *Cariño*, 69 P.R.R. 806. We have also stated that "It is the duty of every attorney to enlighten and inform the court as to any violation of, or noncompliance with, the law which the court may have committed . . ." and that "The accused cannot sit silently by and wait until the end of the trial and subsequently, when convicted, on appeal assign as an error such a noncompliance . . ." *People* v. *Arroyo*, 67 P.R.R. 33. There is no reason why we should fail to enforce that doctrine in the case at bar.

■ No ground or motive has been shown to us for the reversal of the sentence imposed on appellant for carrying weapons.

For the foregoing reasons, the order denying a new trial, and the judgments for voluntary manslaughter and for carrying weapons, will be affirmed.