**In the Matter of the MARRIAGE OF Letha H. SMITH and Thomas D. Smith, III.**

**and**

**In the Interest of Amy Kathryn SMITH, a Minor Child.**

No. SA–82–CA–522.

United States District Court, W.D. Texas, San Antonio Division.

Oct. 11, 1982.

Cheryl Wilson, San Antonio, Tex., for plaintiffs.

Michael Bowles, San Antonio, Tex., for defendants.

## ORDER

SESSIONS, Chief Judge.

On this date came to be considered Thomas D. Smith, III's Petition for Removal,

Letha H. Smith's motion to remand to state district court, and Thomas D. Smith, III's response to the motion to remand the cause to state district court. Having considered said pleadings, the documents before it, and the applicable law, this Court finds that the above-entitled cause is not removable to this Court pursuant to 28 U.S.C. § 1441(b) and § 1442a [1].

On February 21, 1979, Letha H. Smith filed an original petition in the 150th District Court of Bexar County, Texas, seeking to dissolve her marriage to Thomas D. Smith, III. The divorce was granted on August 31, 1979, incorporating by reference a property settlement dated July 31, 1979 and agreed upon by the parties. One provision contained in both the property settlement and the divorce decree granted Letha H. Smith the monthly sum of $745.00 or 40.5 percent, whichever is more, of Thomas D. Smith's net military retirement pay. (Divorce decree at 3, property settlement at 4).

On July 13, 1982, Letha Smith brought a motion for contempt against Thomas D. Smith, III in the same court, the 150th District Court of Bexar County, alleging Mr. Smith's failure to pay Ms. Smith her rightful portion of his military retirement pay for a one-year period beginning July 1, 1981. Ms. Smith further sought costs and attorney's fees for bringing the motion for contempt, plus Mr. Smith's punishment in the form of a fine and/or confinement in the county jail for failure to comply with the state court's order of August 31, 1979.

On July 28, 1982, Mr. Smith removed the motion for contempt from state court to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1442a. He alleged that the action was one removable under the aforementioned statutes because it is a civil action arising under a law of the United States, and removable without regard to the citizenship or residence of the parties. Furthermore, Mr. Smith asserted that the statutes apply because his act of nonpayment to his former spouse is one for which he claims a right under the federal laws governing the armed forces, i.e., the military retirement pay statutes, including those governing disability retirement pay. Mr. Smith relies on *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981); *Ex Parte Burson*, 615 S.W.2d 192 (Tex.1981); *Ex Parte Johnson*, 591 S.W.2d 453 (Tex.1979); *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981); and 38 U.S.C. § 3101 to demonstrate to this Court the necessity of federal jurisdiction over his claim.[2]

Ms. Smith then filed a motion to remand to state court, asserting that the removal petition contains neither an allegation that the federal court has original jurisdiction nor an allegation that Mr. Smith is presently in the armed forces of the United States. In addition, Ms. Smith urges that the United States Supreme Court's decision in *McCarty v. McCarty, supra,* holding that military retirement benefits are not subject to community property division, cannot be applied retroactively, and, therefore, she is entitled to the enforcement of the pre-*McCarty* decision divorce decree awarding her a share of Mr. Smith's military retire-

---

**1.** Mr. Smith's Petition for Removal refers to § 1442(a) as one of his bases for jurisdiction, but quotes language from § 1442a. The Court assumes that he intended to cite § 1442a, as that statute specifically concerns members of the armed forces.

**2.** *Ex parte Johnson* and *Ex parte Burson* both concern former servicemen who elected to receive Veterans Administration disability benefits in lieu of military retirement pay pursuant to the retired pay waiver provisions of 38 U.S.C. § 3105. 38 U.S.C. § 3101 prohibits the assignment, attachment, levy or seizure of Vet-

erans Administration compensation by legal process. Nowhere in the documents before the Court does Mr. Smith claim that he is either receiving Veterans Administration benefits or that he has executed a waiver of retirement payments in favor of Veterans Administration disability compensation pursuant to 38 U.S.C. § 3105. Therefore, these authorities cited by Mr. Smith are not helpful to the Court. Similarly, *Hisquierdo v. Hisquierdo* and *Ridgway v. Ridgway* concern Railroad Retirement Act benefits and military life insurance proceeds, respectively, neither of which are at issue here.

ment benefits.[3] Ms. Smith urges that the decree of divorce rendered by the 150th Judicial District Court of Bexar County, Texas, is a final judgment of that court and that it has a *res judicata* effect as to all issues contained therein. The essence of her motion before the state court is in the nature of an enforcement remedy to compel Mr. Smith to comply with the terms of the divorce decree.

Mr. Smith attempts to demonstrate the necessity of federal acceptance of jurisdiction by pointing out that the United States Congress has recently acted in the area of state court division of military retirement benefits in divorce cases. The Uniformed Services Former Spouses' Protection Act, Title X of the Department of Defense Authorization Act of 1983 (Pub.L. No. 97–252), H.R.Rep. No. 97–749, 97th Cong., 2d Sess. 13–22 (1982) [hereinafter referred to as "House Report"], recently became law and is scheduled to go into effect on February 1, 1983, U.S.Code Cong. & Admin.News 1982, p. 1555. The new law will allow military retirement benefits to be divided according to community property laws in community property jurisdictions.[4] House Report at 15, 10 U.S.C. § 1408(c)(1). Furthermore, the new law states that the Act will not disturb the provisions of court orders that become final before June 26, 1981. House Report at 21–22, § 1006(b). As the Smith divorce became final in 1979, this recent legislation will have no effect on either party in this case, and Mr. Smith's position is no better than it was before *McCarty* or the new law.

 The first jurisdictional statute cited by Mr. Smith, 28 U.S.C. § 1441(b), is of no help to him in seeking to invoke this Court's jurisdiction. That statute states:

Any civil action of which the district courts have *original jurisdiction* founded on a claim or right arising under the Constitution, treaties or laws of the Unit-

ed States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. [Emphasis added.]

It is well settled that this Court has no original jurisdiction over divorce. See *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859); *In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890); *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930). The motion for contempt in the instant case is incident to a divorce proceeding, i.e., it is a motion in a divorce case to punish a party for violation of a prior order in that same divorce case. As this Court would not have had original jurisdiction over the Smith's divorce action in 1979, it would not have had original jurisdiction over the contempt proceeding, and thus the Court does not have removal jurisdiction under § 1441(b). As this Court stated in *Ray v. Ray*, No. SA–81–CA–376 (W.D.Tex. June 2, 1982):

The rules for determining if a court has federal jurisdiction are well established. First, federal law must be an essential element of the plaintiff's cause of action. *Gully v. First National Bank in Meridian*, [299] 229 U.S. 109, 112, 57 S.Ct. 96, 97 [81 L.Ed. 70] (1936); *Maxwell v. First National Bank of Monroeville*, 638 F.2d 32, 35 (5th Cir.1981); *In re Carter*, 618 F.2d 1093, 1100 (5th Cir.1980). Second, the federal question that is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gulley v. First National Bank in Meridian*, 299 U.S. at 1113, 57 S.Ct. at 98. Although a plaintiff's state court pleadings control

---

**3.** In the case at bar, Mr. Smith's retirement benefits were not divided pursuant to state community property laws, but rather were apportioned by agreement between the parties.

**4.** After appropriate service of a final decree of divorce upon the Secretary of the appropriate branch of the armed services, the Secretary concerned will make the monthly court-ordered payment directly to the former spouse. House Report at 16, 10 U.S.C. § 1408(d)(1).

removability, *Paxton v. Weaver,* 553 F.2d 936 (5th Cir.1977), the accepted rule in the Fifth Circuit is that "upon removal the removal court should inspect the complaint carefully to determine whether a federal question is necessarily presented." *In re Carter, supra,* at 1101. Third, the federal question raised must be a "substantial" one. *Hagans v. [Lavine] Levine,* 415 U.S. 528, 536, 94 S.Ct. 1372, 1378 [39 L.Ed.2d 577] (1974). Finally, the party seeking removal bears the burden of satisfying each of these pre-conditions. *Phillips Petroleum Company v. Texaco, Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003 [39 L.Ed.2d 209] (1974).

Mr. Smith has failed in his burden to establish that federal law is an essential part of Ms. Smith's motion for contempt. Although the motion for contempt seeks to compel payments from property which can be characterized as federal military retirement benefits, the essence of the ex-wife's motion is to compel her former spouse to comply with the provisions of the 1979 divorce decree. See *In re Marriage of Pardee,* 408 F.Supp. 666 (C.D.Cal.1976). Thus, as no basis for federal original jurisdiction appears on the face of Ms. Smith's motion for contempt, her ex-husband is not entitled to invoke the provisions of § 1441(b).

 Mr. Smith's second basis for federal jurisdiction is based on 28 U.S.C. § 1442a, which states:

A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if

the cause had been originally commenced therein and shall have full power to hear and determine the cause.

Ms. Smith challenges removal on the basis of this statute because there has been no allegation that Mr. Smith is presently a member of the armed forces. However, United States Supreme Court holdings indicate that a retired military serviceman remains a member of the armed forces. *McCarty v. McCarty, supra,* 101 S.Ct. at 2735–36, citing *United States v. Tyler,* 105 U.S. 244, 26 L.Ed. 985 (1881); *Kahn v. Anderson,* 255 U.S. 1, 6–7, 41 S.Ct. 224, 225, 65 L.Ed. 469 (1921); *Puglisi v. United States,* 215 Ct.Cl. 86, 97, 564 F.2d 403, 410 (1977), *cert. denied,* 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978); 10 U.S.C. § 802(4); *Hooper v. United States,* 164 Ct.Cl. 151, 326 F.2d 982 (1964), *cert. denied,* 377 U.S. 977, 84 S.Ct. 1882, 12 L.Ed.2d 746 (1964).

 Nonetheless, removal jurisdiction, when challenged by a motion to remand, must be clearly demonstrated. If there are significant doubts about its propriety, those doubts must be resolved against removal. *State of New Jersey v. Moriarity,* 268 F.Supp. 546, 554 (D.N.J.1967), citing *Cameron v. Hodges,* 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); *Breyman v. Pennsylvania, O. & D.R. Co.,* 38 F.2d 209 (6th Cir.1930). Despite the fact that the "right, title or authority" wording of section 1442a, taken at face value, appears to allow removal in this case based on Mr. Smith's 10 U.S.C. § 3929 claim, the Court has significant doubts about its propriety.

There is a dearth of law construing 28 U.S.C. § 1442a, and those cases that exist interpret removal claims based only upon acts done under color of office. The Court could not find any cases construing § 1442a removal based on "any right, title, or authority under a law of the United States respecting the armed forces thereof," with the exception of *Ray v. Ray,* No. SA–81–CA–376 (W.D.Tex. June 2, 1982), recently decided by this Court. However, the word-

ing of 28 U.S.C. § 1442(a)(1)[5] is sufficiently similar to that of § 1442a that several courts have used the same test for removal for both statutes. See *Naas v. Mitchell,* 233 F.Supp. 414 (D.Md.1964), *Gamage v. Peal,* 217 F.Supp. 384 (N.D.Cal.1962), 1A J. Moore, *Moore's Federal Practice* ¶ 0.164[2] at 311 (2d ed. 1982).

In construing removal of a contempt proceeding under section 1442(a)(1), the court in *In re Heisig,* 178 F.Supp. 270 (N.D.Ill. 1959), held that a state contempt proceeding is conducted by a court pursuant to its inherent power to punish for contempt, and as such is not a "civil action or criminal prosecution commenced in a state court," as required by the removal statute. The Court noted:

> The power to punish for contempt of his court is a judge's means of preserving the dignity of that court, and when a State court judge sees fit to exercise his power to punish for contempt of his court, the proceeding is not one that can be removed to a federal court under Section 1442—not only because it is not a 'civil action or criminal prosecution commenced in a State court,' but also because if such a removal were permitted it would involve a rehearing and reconsideration by the federal court of the evidence, testimony and events which led up to the citation for contempt; it would, in effect, make of the federal court an appellate tribunal invested with power to review the action of the State court judge. This court has no such jurisdiction and such jurisdiction cannot be conferred upon it by a removal petition. *Id.* at 273.

The Court favors the following language contained in a Texas case construing jurisdiction over a contempt proceeding stemming from a divorce action:

> Acts in violation of a court's judgment are an affront to and in defiance of the court where the judgment is pending when the acts occur. The power to punish for contempt exists for the purpose of enabling a court to compel due decorum and respect in its presence, and due obedience to its judgments, orders, and process. This purpose would not be well served if punishment came from another court when the acts constituting the contempt occurred when the case remained in the court which had entered the judgment or order violated.

*Carlson v. Johnson,* 327 S.W.2d 704, 707 (Tex.Civ.App.1959). Were this Court to allow the motion for contempt in the case at bar to be heard on the merits in federal court, this court would be in a position of having to find Mr. Smith either in contempt or not in contempt of another court. This Court does not believe such a situation to be either sensible or good judicial policy.

 Moreover, it has been held that while the removal statutes should be construed to effect their purpose of maintaining the supremacy of federal law, they should be interpreted with the highest regard for the right of the states to make and enforce their own laws in fields belonging to them under the Constitution. *Dixon v. Georgia Indigent Legal Services, Inc.,* 388 F.Supp. 1156, 1162 (S.D.Ga.1974), *aff'd,* 532 F.2d 1373 (5th Cir.1976). As the law governing divorce is primarily a matter for the states, the contempt proceeding in the instant case arising from the alleged violation of a final divorce decree falls within the judicial province of the states.

In addition, Mr. Smith's claims based on federal law are so devoid of merit as to be frivolous. The Fifth Circuit in *Erspan v. Badgett,* 659 F.2d 26 (5th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982), considered a suit involving facts almost identical to the facts in the

---

**5.** 28 U.S.C. § 1442(a)(1):

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

instant case. In that case the marriage of Mary Erspan to Lloyd Badgett was dissolved by a divorce decree entered in 1963, before the Supreme Court's holding in *McCarty v. McCarty, supra.* The state court in rendering the divorce decree divided the husband's military retirement benefits pursuant to an agreement between the parties. After four years the husband ceased paying his ex-wife from his military retirement benefits. Some time later, the former wife brought suit in the United States District Court for the Western District of Texas to recover her share of Mr. Badgett's military retirement benefits, predicating jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The district court decided the case on the merits and the United States Court of Appeals for the Fifth Circuit affirmed the award. *Erspan v. Badgett,* 647 F.2d 550 (5th Cir.1981). Following the issuance of the Fifth Circuit's panel opinion, Defendant Badgett filed a suggestion for rehearing en banc, asking the Fifth Circuit to hold that his military retirement benefits were not divisible as community property by the state court in 1963 and asserting that his divorce decree should be "reversed" to the extent it conflicts with the holdings in *Hisquierdo v. Hisquierdo, supra,* and *McCarty v. McCarty, supra.* The Fifth Circuit ruled:

Unlike both *McCarty* and *Hisquierdo,* however, which were direct appeals from state court divorce decrees, the case *sub judice* is not; there is no divorce decree before this Court. Moreover, notwithstanding defendant's invitation for this Court to 'reverse' the February 21, 1963 judgment of the 65th Judicial District Court of El Paso County, Texas, we have no such jurisdiction. Defendant advances no reason why that judgment should be denied its usual *res judicata* effect, and none is readily apparent; as a final judg-

ment, it settles not only the issues actually litigated, but also any issues that *could* have been litigated in that proceeding. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Furthermore, as the Supreme Court noted in *Federated Department Stores,* 'the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.' 101 S.Ct. 2427 (citations omitted). Nothing in *McCarty* suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid and subsisting state court judgments. Absent some indication of such an intent, we decline to do so.

*Erspan v. Badgett, supra,* 659 F.2d at 28. See also *Wilson v. Wilson,* 667 F.2d 497 (5th Cir.1982).

■ Thus, the Smith divorce decree is *res judicata* according to the holding in *Erspan v. Badgett, supra.*[6] The Smith divorce decree is a final, unappealed judgment on the merits. This Court has no power to alter the terms of the divorce decree even if, as Mr. Smith asserts, the divorce decree's division of his military disability retirement pay was wrong or overruled by subsequent law. Therefore, Mr. Smith's claims are so explicitly foreclosed by federal court decisions as to leave no room for real controversy; the Court sees them as frivolous.

■ It is well settled in the area of federal question jurisdiction that federal claims used as the basis for jurisdiction may be dismissed for want of a substantial question. See *Equitable Life Assurance Society v. Brown,* 187 U.S. 308, 23 S.Ct. 123, 47 L.Ed. 190 (1902); *Zucht v. King,* 260 U.S. 174, 43 S.Ct. 24, 67 L.Ed. 194 (1922); 13 C.

---

**6.** In *Ray v. Ray, supra,* the Court made it clear that removal jurisdiction will not be sustained by this Court under the facts of that case. *Ray v. Ray* involved a motion for contempt brought against an ex-husband for failure to pay a portion of his military retirement benefits to his former spouse as ordered in their pre-*McCarty* divorce decree. The pertinent facts of the in-

stant case are identical to those of *Ray v. Ray* with one exception, i.e., the *Ray* case divided only non-disability military retirement benefits, whereas some disability benefits are at issue here. This difference in the category of benefits cannot distinguish this action from *Ray v. Ray* according to the holding in *Erspan v. Badgett, supra.*

Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3564 (1975). The Court sees no reason why the same rule should not be applied in the area of removal jurisdiction when the claims asserted by the party seeking removal are wholly frivolous. See *Peltier v. Peltier,* 548 F.2d 1083 (1st Cir.1977). The proper remedy is not to dismiss, but to remand to state court. See *Armstrong v. Armstrong,* 508 F.2d 348 (1st Cir.1974).

Under the facts of the instant case, this Court concludes that removal is improper pursuant to 28 U.S.C. § 1441(b) because the federal court lacks original jurisdiction over divorce and no federal question appears on the fact of Ms. Smith's motion for contempt. Removal in the case at bar is equally improvident under 28 U.S.C. § 1442a because (1) it is poor judicial policy for this Court to either hold or decline to hold the Respondent in contempt of another court, (2) the body of law governing divorce is primarily within the judicial province of the states under the Tenth Amendment to the Constitution of the United States, (3) Mr. Smith's claims are frivolous under the ruling in *Erspan v. Badgett, supra,* 659 F.2d at 28, and under the Uniformed Services Former Spouses Protection Act, *supra,* and such meritless claims when used to invoke federal removal jurisdiction should not be entertained in federal court. Accordingly,

IS HEREBY ORDERED that this cause be remanded to the District Court for the 150th Judicial District of Bexar County, Texas.