90 F.3d 393
 96 Cal. Daily Op. Serv. 5410, 96 Daily Journal
D.A.R. 11,163,
96 Daily Journal D.A.R. 8841
COMMONWEALTH OF the NORTHERN MARIANA ISLANDS, Plaintiff-Appellee,
v.
Vicente C. SABLAN, Defendant-Appellant.
 No. 95-10179.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 8, 1996*.
Decided July 23, 1996.
As Amended on Denial of Rehearing and Rehearing En Banc
Sept. 12, 1996.**
 
 Theodore S. Christopher, Office of the Public Defender, Saipan, MP., for defendant-appellant.
 Nicole Forelli, Assistant Attorney General, Saipan, MP., for plaintiff-appellee.
 Appeal from the Supreme Court of the Commonwealth of the Northern Mariana Islands, Ramon G. Villagomez, Associate Justice, Presiding. CNMI S.Ct. No. CR-94-00023.
 Before: FLETCHER, D.W. NELSON, and CANBY, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Vicente Sablan appeals from his conviction for driving without a vehicle registration, speeding, reckless driving, and driving under the influence of alcohol. He was convicted by the Superior Court of the Commonwealth of the Northern Mariana Islands (CNMI), and the Supreme Court of the CNMI affirmed. We dismiss the appeal for lack of jurisdiction.
 
 FACTUAL BACKGROUND AND PROCEEDINGS BELOW
 
 2
 In the early morning hours, Officer Vicente Mareham stopped Sablan's car for travelling at a high speed. In response to Mareham's requests, Sablan produced his driver's license but not his vehicle registration. Mareham observed that Sablan had bloodshot eyes and detected a strong odor of alcohol on Sablan's breath; in response to a question, Sablan admitted he had been drinking. Mareham then asked Sablan to perform field sobriety tests, including a coordination test that required him to extend his arms and then touch his fingertips to the tip of his nose; Sablan failed the test. Mareham arrested Sablan for, among other offenses, driving under the influence of alcohol and took him to the Department of Public Safety. There, Officer Franklin Babauta observed that Sablan's face was red, that his eyes were bloodshot, and that he smelled of liquor. Babauta advised Sablan of his constitutional rights. He administered the coordination test again, and Sablan again failed. After being advised of his implied consent rights under local law,[1] Sablan consented to a breathalyzer test, which was administered at 3:23 a.m. and showed his blood alcohol level to be .172%.
 
 
 3
 Sablan was charged with driving under the influence, 9 CMC § 7105; reckless driving, 9 CMC § 7104; speeding, 9 CMC § 5251; and driving without a vehicle registration, 9 CMC § 2105. During trial, Sablan challenged the admission of the evidence of the coordination test. After the questioning of Mareham and voir dire by Sablan's counsel, the court admitted the evidence.[2] The court eventually found Sablan guilty of all counts. Sablan was sentenced to 30 days in jail for driving under the influence, with all but three days suspended for one year on the condition that he pay $300, attend an "Alcohol Information Class" at his expense, and obey all laws of the CNMI; his license was also suspended for 30 days. For the reckless driving conviction, Sablan was sentenced to three days in jail, suspended for six months on condition that he pay a fine of $250. For speeding, Sablan was fined $100.
 
 
 4
 Sablan appealed to the CNMI Supreme Court and the parties stipulated to a stay of the imposition of sentence. The Supreme Court affirmed the conviction. In its brief recitation of the facts, the opinion states that Sablan was stopped "at approximately 3:19 in the morning". After listing the seven issues Sablan raised,[3] the Court stated, "After careful consideration of the arguments raised by Sablan and after reviewing the record, we are not persuaded that the trial court committed error with respect to any of the defendant's contentions". Sablan has timely appealed to this court.
 
 DISCUSSION
 
 5
 Sablan invokes this court's jurisdiction under 48 U.S.C. § 1824(a), which provides that the "relations between the courts established by the Constitution or laws of the United States and the courts of the Northern Mariana Islands with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States including the Supreme Court of the United States, and the courts of the several states in such matters and proceedings". Ordinarily, of course, this would mean that a decision by the highest CNMI court on an issue of federal law would be reviewable by the U.S. Supreme Court through a writ of certiorari. Section 1824(a), however, provides that, for 15 years following the establishment of the CNMI Supreme Court, this court, rather than the U.S. Supreme Court, shall have "jurisdiction of appeals from all final decisions of the highest court of the Northern Mariana Islands from which a decision could be had in all cases involving the Constitution, treaties, or laws of the United States".
 
 
 6
 As we have noted before, "[o]ur jurisdiction over appeals from judgments of the CNMI Supreme Court is similar to the U.S. Supreme Court's jurisdiction over the decisions of the highest state courts". Santos v. Nansay Micronesia, Inc., 76 F.3d 299, 301 (9th Cir.1996). We have, therefore, answered questions regarding the scope and extent of our jurisdiction over decisions of the CNMI Supreme Court by analogies to the doctrines governing U.S. Supreme Court review of decisions of state courts. See, e.g., Wabol v. Villacrusis, 11 F.3d 124, 125 (9th Cir.1993) (finality); Wabol v. Villacrusis, 958 F.2d 1450, 1453 (9th Cir.1990) (same); Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991) (federal question).
 
 
 7
 One well-established doctrine governing U.S. Supreme Court review of state-court decisions is the requirement that a substantial federal question be presented: "[I]t is our duty to decline jurisdiction whenever it appears that the constitutional question presented is not ... substantial in character." Zucht v. King, 260 U.S. 174, 176, 43 S.Ct. 24, 25, 67 L.Ed. 194 (1922). Thus, a state-court decision will not be reviewed when it presents a question that, viewed in the abstract, is "adequate ... to confer jurisdiction" but also "is wholly formal, is so absolutely devoid of merit as to be frivolous, or has been so explicitly foreclosed by a decision or decisions of this court as to leave no room for real controversy". Equitable Life Assurance Society v. Brown, 187 U.S. 308, 311, 23 S.Ct. 123, 124, 47 L.Ed. 190 (1902) (citing New Orleans Waterworks Co. v. Louisiana, 185 U.S. 336, 345, 22 S.Ct. 691, 694, 46 L.Ed. 936 (1902)). See also New Orleans v. New Orleans Water-Works Co., 142 U.S. 79, 87, 12 S.Ct. 142, 145, 35 L.Ed. 943 (1891) ("[T]he bare averment of a Federal question is not in all cases sufficient. It must not be wholly without foundation."). An appeal to this court from a decision of the CNMI Supreme Court must therefore be dismissed if no substantial federal question is presented.[4]
 
 
 8
 Sablan has attempted to raise two federal challenges to his conviction. First, Sablan alleges that his rights under the Confrontation Clause of the Sixth Amendment were violated by the trial court's reference, in its ruling on the admission of the coordination test, to testimony in other cases about the coordination test. Second, Sablan alleges that the CNMI Supreme Court violated his rights by stating in its opinion that Sablan was stopped by Mareham "at approximately 3:19 in the morning" when the only apparent support for that particular time was the "Traffic Ticket, Complaint/Citation and Summons", which apparently was never formally admitted into evidence at trial.[5]
 
 
 9
 Neither of Sablan's challenges presents a substantial federal question. The superior court's isolated reference to testimony in other cases regarding the coordination test raises no substantial question of a violation of the Confrontation Clause in that court's admission of the arresting officer's testimony about the administration of the test to Sablan at the time of his arrest. As to the CNMI Supreme Court's reference to the time stated on the ticket, Sablan never expressly states which constitutional right he alleges the Court violated. In any case, there is no reasonable possibility that the CNMI Supreme Court's consideration of the ticket affected the disposition of Sablan's appeal. That Court could not have been misled by the ticket to believe that the arrest on the street preceded by only four minutes the administration of the breathalyzer test at the police station. We take at face value the statement in the Supreme Court's opinion that the Court decided Sablan's appeal "[a]fter careful consideration of the arguments raised ... and after reviewing the record ", and it would be impossible for a rational person to read the transcript of the trial without being aware of the time that passed between the stop of Sablan and the administration of the breathalyzer test, as the record is replete with references to the chronology of events.
 
 CONCLUSION
 
 10
 Because Sablan's appeal does not present a substantial federal question, we dismiss the appeal for lack of jurisdiction.
 
 
 11
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 Judge Fletcher has voted to reject the suggestion for rehearing en banc and Judges Nelson and Canby so recommend
 
 
 [1]
 9 CMC § 7106 deems anyone who operates a vehicle on CNMI highways to have consented to a breath test
 
 
 [2]
 The court's ruling from the bench admitting the evidence appears as follows in the trial transcript:
 The, the officer's testimony consistently says that [sic] the test such as the coordination test and may be one that that [sic] determines whether or not the defendant may be under the influence of alcohol. This court finds that in combination with the other signs of a use of alcohol, the officer testified bloodshot eyes or with alcohol, the coordination test and other test is probably the best evidence available to assist in the investigation of driving under the influence of alcohol. This court has consistently heard testimony in other case [sic] in respect to this similar test, the court finds that this is the test that is used to assist the police in their investigation. It's the best evidence that they've got right now. While they may not--he may not have testified that there's a scientifically proven to be valid that will determine--taking the (unintelligible) circumstances, your motion is denied ...
 E.R. at 14-15, 32.
 
 
 [3]
 These included "(6) Whether the Superior Court erred by admitting the results of the coordination tests and by finding that the results showed that Sablan was impaired; and (7) Whether the Superior Court erred by admitting the results of the breathalyzer test."
 
 
 [4]
 Because we lack jurisdiction over an appeal that fails to present a substantial federal question, we must dismiss such an appeal. Such a dismissal, of course, differs from a denial of a petition for certiorari, which is a discretionary form of review. Under 48 U.S.C. § 1824(a), our review of decisions of the CNMI Supreme Court is by appeal rather than by certiorari
 
 
 [5]
 The ticket is the first item on the Superior Court's docket sheet and the first item in Sablan's excerpt of record before both the Supreme Court and this court