# ZUCHT, BY HER NEXT FRIEND, ETC. *v.* KING ET AL.

## ERROR TO THE COURT OF CIVIL APPEALS, FOURTH SUPREME JUDICIAL DISTRICT, OF THE STATE OF TEXAS.

No. 84. Argued October 20, 1922.—Decided November 13, 1922.

1. A city ordinance is a law of a State within the meaning of Jud. Code, § 237.  P. 176.
2. It is the duty of this Court to decline jurisdiction whenever it appears that the constitutional question upon which jurisdiction depends was not, at the time of granting the writ, a substantial question.  P. 176.
3. City ordinances making vaccination a condition to attendance at public or private schools and vesting broad discretion in health authorities to determine when and under what circumstances the requirement shall be enforced are consistent with the Fourteenth Amendment and, in view of prior decisions, a contrary contention presents no substantial constitutional question.  P. 176.
4. The question whether city officials have administered a valid ordinance in such a way as to deny the plaintiff the equal protection of the laws, is not one of those upon which the judgment of a state court may be brought here by writ of error.  P. 177.

Writ of error to review 225 S. W. 267, dismissed.

ERROR to a judgment of the court below affirming a judgment of a trial court which dismissed the bill in a suit for injunction, mandamus and damages.

---

*Mr. Don A. Bliss* for plaintiff in error.

*Mr. R. L. Ball* and *Mr. A. W. Seeligson,* for defendants in error, submitted. *Mr. T. H. Ridgeway, Mr. Raymond Marshall, Mr. B. W. Teagarden* and *Mr. C. W. Trueheart* were also on the brief.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Ordinances of the City of San Antonio, Texas, provide that no child or other person shall attend a public school or other place of education without having first presented a certificate of vaccination. Purporting to act under these ordinances, public officials excluded Rosalyn Zucht from a public school because she did not have the required certificate and refused to submit to vaccination. They also caused her to be excluded from a private school. Thereupon Rosalyn brought this suit against the officials in a court of the State. The bill charges that there was then no occasion for requiring vaccination; that the ordinances deprive plaintiff of her liberty without due process of law by, in effect, making vaccination compulsory; and, also, that they are void because they leave to the Board of Health discretion to determine when and under what circumstances the requirement shall be enforced without providing any rule by which that board is to be guided in its action and without providing any safeguards against partiality and oppression. The prayers were for an injunction against enforcing the ordinances, for a writ of mandamus to compel her admission to the public school, and for damages. A general demurrer to the bill of complaint was sustained by the trial court; and, plaintiff having declined to amend, the bill was dismissed. This judgment was affirmed by the Court of Civil Appeals for the Fourth Supreme Judicial District, 225 S. W. 267; a motion for rehearing was overruled; and an application

for a writ of error to the Supreme Court of Texas was denied by that court. A petition for a writ of certiorari filed in this Court was dismissed for failure to comply with Rule 37. 257 U. S. 650. The case is now here on writ of error granted by the Chief Justice of the Court of Civil Appeals. It is assigned as error that the ordinances violate the due process and equal protection clauses of the Fourteenth Amendment; and that as administered they denied to plaintiff equal protection of the laws.

The validity of the ordinances under the Federal Constitution was drawn in question by objections properly taken below. A city ordinance is a law of the State within the meaning of § 237 of the Judicial Code as amended, which provides a review by writ of error where the validity of a law is sustained by the highest court of the State in which a decision in the suit could be had. *Atlantic Coast Line R. R. Co.* v. *Goldsboro,* 232 U. S. 548, 555. But, although the validity of a law was formally drawn in question, it is our duty to decline jurisdiction whenever it appears that the constitutional question presented is not, and was not at the time of granting the writ, substantial in character. *Sugarman* v. *United States,* 249 U. S. 182, 184. Long before this suit was instituted, *Jacobson* v. *Massachusetts,* 197 U. S. 11, had settled that it is within the police power of a State to provide for compulsory vaccination. That case and others had also settled that a State may, consistently with the Federal Constitution, delegate to a municipality authority to determine under what conditions health regulations shall become operative. *Laurel Hill Cemetery* v. *San Francisco,* 216 U. S. 358. And still others had settled that the municipality may vest in its officials broad discretion in matters affecting the application and enforcement of a health law. *Lieberman* v. *Van De Carr,* 199 U. S. 552. A long line of decisions by this Court had also set-

tled that in the exercise of the police power reasonable classification may be freely applied and that regulation is not violative of the equal protection clause merely because it is not all-embracing. *Adams* v. *Milwaukee,* 228 U. S. 572. *Miller* v. *Wilson,* 236 U. S. 373, 384. In view of these decisions we find in the record no question as to the validity of the ordinance sufficiently substantial to support the writ of error. Unlike *Yick Wo* v. *Hopkins,* 118 U. S. 356, these ordinances confer not arbitrary power, but only that broad discretion required for the protection of the public health.

The bill contains also averments to the effect that in administering the ordinance the officials have discriminated against the plaintiff in such a way as to deny to her equal protection of the laws. These averments do present a substantial constitutional question. *Neal* v. *Delaware,* 103 U. S. 370. But the question is not of that character which entitles a litigant to a review by this Court on writ of error. The question does not go to the validity of the ordinance; nor does it go to the validity of the authority of the officials. Compare *Taylor* v. *Taft,* 203 U. S. 461; *Champion Lumber Co.* v. *Fisher,* 227 U. S. 445; *Yazoo & Mississippi Valley R. R. Co.* v. *Clarksdale,* 257 U. S. 10, 16. This charge is of an unconstitutional exercise of authority under an ordinance which is valid. Compare *Stadelman* v. *Miner,* 246 U. S. 544. Unless a case is otherwise properly here on writ of error, questions of that character can be reviewed by this Court only on petition for a writ of certiorari.

*Writ of error dismissed.*