Dan McCARTHY, as the Parent and
as Next Friend of his minor
daughter Plaintiff

v.

Faye BOOZMAN, in his Official Capaci-
ty as Director, State of Arkansas De-
partment of Health; John Doe 1
through John Doe 20, in their Official
Capacities as agents, servants, em-
ployees or officials of the State of
Arkansas, Department of Health; and
Ozark School District Defendants

No. 01–2266.

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

July 25, 2002.

Gregory T. Karber, Pryor, Robertson & Barry, PLLC, Fort Smith, AR, Robert T. Moxley, Gage & Moxley, Cheyenne, WY, for Plaintiff.

Robert M. Brech, Ark. Dept. of Health, Little Rock, AR, Timothy G. Gauger, Rick D. Hogan, Office of Atty. Gen., Little Rock, AR, James M. Llewellyn, Jr., Thompson & Llewellyn, P.A., Fort Smith, AR, for Defendants.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

Plaintiff Dan McCarthy instituted this 42 U.S.C. § 1983 action on behalf of his eleven-year-old daughter after she was suspended from school on October 1, 2001, for failing to receive the age appropriate immunizations required by Arkansas law and for not having qualified for the religious exemption provided by statute. Plaintiff asserts that the Arkansas immunization statute violates rights under the First Amendment and the Fourteenth Amendment. On December 19, 2001, this Court entered an order adopting a report and recommendation of the Magistrate Judge and granted Plaintiff a preliminary injunction allowing his daughter to return to school pending the conclusion of this lawsuit. Currently before the Court are the parties' cross-motions for summary judgment.[1] For the reasons

---

**1.** Separate Defendant Ozark School District does not join in Defendant Boozman's summary judgment motion. In its pretrial disclosure sheet, it states:

> The Ozark School District is required to apply state law and takes no position on

whether or not Plaintiff should be exempted from the statutory requirements or whether or not the statutory requirements are constitutional. The Ozark School District simply awaits the Order of the Court settling the law on the issues and will comply with

set forth below, the Court finds that the statute requiring immunization of school-age children is constitutional, but that the religious exemption provision of the statute is unconstitutional. The Court concludes that the religious exemption provision is severable from the remainder of the statute and, consequently, the immunization requirement remains in full force and effect. Accordingly, Plaintiff's daughter will be required to provide evidence of immunization in order to attend school within the State of Arkansas.

## I. BACKGROUND

Section 6–18–702(a) of the Arkansas Code provides that no child shall be admitted to school without a certification acknowledging immunization from certain diseases.[2] However, an exemption from the immunization requirement is available to parents who object "on the grounds that immunization conflicts with the religious tenets and practices of a recognized church or religious denomination of which the parent ... is an adherent or member." ARK. CODE ANN. § 6–18–702(d)(2). As set out within the magistrate's report and recommendation, any applicant for a religious exemption must fill out a form and submit it to the Arkansas Department of Health. The health department official decides whether to grant a religious exemption by considering several factors including the permanent address of the applicant's church; the number of church members; the times and places of regular meetings; the written church constitution or plan of organization; the written theology or statement of beliefs; and any legal documents the church has filed with governmental entities. The application form requests copies of documents filed with governmental entities; a written statement of the church or denomination specifying that immunization conflicts with religious tenets and practices; and a notarized statement from a church or denomination official reflecting that the applicant is currently a church member in good standing. The form requests everything but information concerning the applicant's pew-seating preferences. The application form also states that personal or philosophical opposition without specific doctrinal conflict is not a valid basis for an exemption.

Plaintiff applied for a religious exemption from immunization for his daughter, quoting scripture and stating his belief that God gave us our immune systems, and we must not defile the body with immunizations.[3] In response to questions about his church affiliation, Plaintiff marked "n/a" because he had no such affiliation. The exemption was not approved because Plaintiff did not provide information regarding the tenets and practices of his church, the required notarized statement from a church official, nor any church documents filed with governmental entities.

the final decision on these issues. (Doc. 65 at 3.)

**2.** The statute reads:

Except as otherwise provided by law, no ... child shall be admitted to a public or private school ... of this state who has not been age appropriately immunized from poliomyelitis, diphtheria, tetanus, pertussis, red (rubeola) measles, rubella, and other diseases as designated by the State Board of Health, as evidenced by a certificate of a licensed physician or a public health department acknowledging the immunization.

**3.** Certain statements made by Plaintiff and his wife during the evidentiary hearing before the Magistrate Judge make it unclear whether the Plaintiff holds a personal religious belief prohibiting immunization or merely has a generalized fear of or philosophical objection to immunization. The sincerity of Plaintiff's claimed religious belief, however, has not been put at issue in this case and the Court has no reason to question it.

## II. DISCUSSION

### A. Constitutionality of the immunization requirement

■ Plaintiff's challenge to the constitutionality of mandatory immunization warrants no extensive discussion. It has long been settled that individual rights must be subordinated to the compelling state interest of protecting society against the spread of disease. The Supreme Court long ago held that a state may adopt a program of compulsory immunization for school-age children. *See Zucht v. King*, 260 U.S. 174, 176, 43 S.Ct. 24, 67 L.Ed. 194 (1922); *Jacobson v. Massachusetts*, 197 U.S. 11, 27–29, 25 S.Ct. 358, 49 L.Ed. 643 (1905). It is also well settled that a state is not required to provide a religious exemption from its immunization program. The constitutional right to freely practice one's religion does not provide an exemption for parents seeking to avoid compulsory immunization for their school-aged children. *See Prince v. Massachusetts*, 321 U.S. 158, 166–67, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Wright v. DeWitt School Dist. No.1 of Ark. County*, 238 Ark. 906, 911–13, 385 S.W.2d 644 (1965); *Cude v. State*, 237 Ark. 927, 933–34, 377 S.W.2d 816 (1964).

### B. Constitutionality of the religious exemption

■ If the legislature chooses to provide a religious exemption from compulsory immunization, however, the exemption itself must pass constitutional muster. The religious exemption provided in Section 6–18–702(d)(2) clearly runs afoul of the Establishment and Free Exercise Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, because the exemption benefits only those who are members or adherents of a church or religious denomination recognized by the State.

■ While the founders of our country believed religion to be of paramount importance, they nonetheless went to elaborate lengths to keep religion separate and apart from government and its day-to-day politics. An invisible wall was thus established, and the cardinal principle of separation of church and state has well served both our nation and her residents. While not all legislation imbued with religious overtones breaches this wall, "[t]he establishment of religion clause of the First Amendment means at least this: Neither a state nor the Federal Government can set up a church. Neither can pass laws which aid one religion, aid all religions, or prefer one religion over another." *Everson v. Board of Educ. of Ewing Township*, 330 U.S. 1, 15, 67 S.Ct. 504, 91 L.Ed. 711 (1947). "The First Amendment does not select any one group or any one type of religion for preferred treatment. It puts them all in that position." *United States v. Ballard*, 322 U.S. 78, 87, 64 S.Ct. 882, 88 L.Ed. 1148 (1944).

■ In *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), the Supreme Court established a three-prong test to be utilized in measuring the constitutionality of laws challenged under the Establishment Clause. First, the legislature must have had a secular (i.e., non-religious) purpose for adopting the statute. Second, the primary effect of the statute must be one that neither advances nor inhibits religion. Third, the statute must not result in an excessive entanglement of government with religion. *Id.* at 612–13, 91 S.Ct. 2105.

It can be argued that the Arkansas Legislature acted with a secular purpose when it limited the religious exemption provision to members or adherents of a recognized church or religious denomination. Perhaps the legislature merely intended to thwart claims of exemption based upon personal moral scruples or generalized fears of immunization rather than sincere-

ly held religious beliefs. However, even if the first prong of the *Lemon* test is met, the religious-exemption provision fails to pass muster under the balance of the test.

The provision fails under the second prong of the *Lemon* test because its primary effect is to inhibit the earnest beliefs and practices of those individuals who oppose immunization on religious grounds but are not members of an officially recognized religious organization. Further, the exemption fails to measure up under the third *Lemon* factor because the State is required to involve itself in religious matters to an inordinate degree by delving into religious dogma to determine whether a church or religious denomination is worthy of official recognition. Finally, the preferential restriction contained in Arkansas' religious exemption provision contravenes the Establishment Clause's principles of governmental neutrality. *See Sherr v. Northport–East Northport Union Free Sch. Dist.*, 672 F.Supp. 81, 89–90 (E.D.N.Y.1987) (limitation of religious exemption from New York's mandatory inoculation program to "bona fide members of a recognized religious organization" violated Establishment Clause).

The limited scope of the religious exemption also fails to satisfy the commands of the Free Exercise Clause of the First Amendment. In *Larson v. Valente*, 456 U.S. 228, 246–47, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982), the Supreme Court held that a law which on its face grants a denominational preference may be upheld only if it is supported by a compelling state interest. Defendants can point to no such interest that might justify discriminating against the religious freedom of individuals who do not subscribe to an officially recognized church or denomination. *See Sherr*, 672 F.Supp. at 90–91 (restriction of religious exemption to members of recognized religious organizations violated Free Exercise Clause); *Dalli v. Board of Educ.*, 358

Mass. 753, 267 N.E.2d 219, 222–23 (1971) (no compelling interest justified limited scope of statutory religious exemption).

■ Section 6–18–702(d)(2) also violates the Equal Protection Clause of the Fourteenth Amendment. Members or adherents of a recognized church or denomination enjoy the benefit of an exemption that is denied to other persons whose objections to immunization are also grounded in sincere religious belief. This preferred treatment of one group and discrimination against the other can only result in a denial of equal protection of the laws. Accordingly, we hold that the religious exemption provision is unconstitutional and invalid.

### C. Severability of the immunization statute

■ The only remaining issue is whether the invalidity of the religious-exemption provision renders the entire immunization statute unconstitutional. "It is well settled that where a statute or code provision is unconstitutional in part, the valid portion of the act will be sustained if complete in itself and capable of execution in accordance with apparent legislative intent." *Hutton v. Savage*, 298 Ark. 256, 266, 769 S.W.2d 394 (1989). *See also* Ark.Code Ann. § 1–2–117 (in the event any section or subsection of the Code is declared unconstitutional, the remaining portion of the Code shall remain in full force and effect as if the portion adjudged unconstitutional was not originally a part of Code). The language of the statute clearly indicates that the legislature's dominant purpose was to establish a comprehensive immunization program for school children, and the statute is complete and capable of execution without the religious-exemption provision. Accordingly, the religious exemption provision contained in subsection (d)(2) of Section 6–18–702 must be stricken, but the

balance of the statute remains in full force and effect.

Our holding does not afford relief of any real value to the Plaintiff because his daughter remains subject to receiving the required shots as a condition of attending school within the state of Arkansas. This decision will also be of understandable concern to those who previously enjoyed the immunization exemption as adherents or members of a recognized church or religious denomination. However, the recourse of both groups is to communicate their concerns to the Arkansas Legislature, for it is within the province of the legislature and not this Court to enact a religious exemption provision that comes within constitutional boundaries.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion for summary judgment is GRANTED to the extent that Section 6–18–702(d)(2) of the Arkansas Code is stricken as violating the Establishment and Free Exercise Clauses of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. Defendant's motion for summary judgment is GRANTED to the extent that the remaining portions of the statute are found to be constitutional and unaffected by subsection (d)(2)'s invalidity. This disposes of all issues in this case, and the preliminary injunction previously entered is hereby dissolved. The parties shall bear their own costs.