# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.W., individually and on behalf of minor :
children C.W., D.W. and M.W.; S.H., :
individually and on behalf of minor :
children C.H. and D.H., C.H., :
individually and on behalf of minor :
child M.J.L.; N.J., individually and on :
behalf of minor children J.J. and J.K.; :
R.M., individually and on behalf of :
minor child M.M.; C.A., individually :
and on behalf of minor child F.J.A., :
                Petitioners :
  :
         v. :
  :
Acting Secretary of the Pennsylvania :
Department of Health, Alison Beam, : No. 297 M.D. 2021
                Respondent : Argued: October 20, 2021


BEFORE: HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: November 10, 2021


This case presents a challenge by five Petitioners (J.W., S.H., N.J., R.M., and C.A.), individually and on behalf of their minor children (collectively, Petitioners), to the "Order of the Acting Secretary of the Pennsylvania Department of Health Directing Face Coverings in School Entities" (Masking Order) issued on August 31, 2021, by Alison M. Beam, the Acting Secretary of Health (Acting

Secretary or Respondent), which imposed an open-ended general masking requirement effective September 7, 2021, on all teachers, students, school staff, and visitors within Pennsylvania's schools, regardless of vaccination status, with certain exceptions. Petitioners' underlying Petition for Review in the Nature of a Complaint (Petition for Review) seeks declarations: (1) that the Acting Secretary lacks the legal authority to require individuals to wear masks in Pennsylvania's schools; (2) that the Masking Order does not apply in any county with a local health department; (3) that the Masking Order violates Article I, Section 3 of the Pennsylvania Constitution, Pa. Const. art. I, § 3, providing for freedom of religion within the Commonwealth;[1] and (4) that the Masking Order violates procedural due process.[2] Ultimately, the Petition for Review requests that this Court reverse and vacate the Masking Order.

Before the Court currently are Petitioners' Application for Summary Relief (Petitioners' Application) and Respondent's Application for Summary Relief (Respondent's Application) filed by the Acting Secretary.[3] For the reasons set forth herein, we dismiss this matter as moot.

---

[1] Count V of the Petition for Review also brings a non-declaratory judgment claim that the Masking Order violates Section 4 of the Religious Freedom Protection Act, Act of December 2, 2012, P.L. 9, 71 P.S. § 2404, which protects the free exercise of religion. *See* Petition for Review at 27-28.

[2] As we did in our recent decision in *Corman v. Acting Secretary of the Pennsylvania Department of Health* (Pa. Cmwlth., No. 294 M.D. 2021, filed November 10, 2021), we note preliminarily that we express herein no opinion regarding the science or efficacy of mask-wearing or the politics underlying the considerable controversy the subject continues to engender. *See Corman*, slip op. at 3. Instead, we decide herein only the narrow legal question of whether the Acting Secretary acted properly in issuing the Masking Order.

[3] On October 27, 2021, the Acting Secretary also filed "Respondents' [sic] Application for Relief in the Nature of a Motion for Leave to Supplement the Record" in this matter, No. 297 M.D. 2021 (Application to Supplement Record), seeking to add the Joint Committee on Documents' October 21, 2021 Order in Favor of Respondent Department of Health (Joint Committee Order) to the record of this matter. *See* Application to Supplement Record. This Application to Supplement

2

This Court explained the background of the Masking Order at length in our recent decision *Corman v. Acting Secretary of the Pennsylvania Department of Health* (Pa. Cmwlth., No. 294 M.D. 2021, filed November 10, 2021), as follows:

> On March 6, 2020, Governor Wolf issued a Proclamation of Disaster Emergency (Disaster Proclamation) pursuant to Section 7301(c) of the Emergency Management Services Code (Emergency Code), 35 Pa.C.S. § 7301(c), regarding the novel coronavirus (COVID-19) pandemic. Thereafter, the Governor implemented numerous orders designed to mitigate and stop the spread of COVID-19, which orders, *inter alia*, closed restaurants and bars in Pennsylvania for in-person dining, closed non-essential businesses, limited the size of in-person gatherings within the Commonwealth, and directed citizens to stay at home. Governor Wolf also issued multiple periodic amendments to the Disaster Proclamation, each of which renewed the Disaster Proclamation for an additional 90 days.
>
> On May 18, 2021, the voters of the Commonwealth approved two amendments to the Pennsylvania Constitution that limit the Governor's power under the Emergency Code (collectively, the Constitutional Amendments). The first of the Constitutional Amendments amended Section 9 of Article III of the Constitution to allow the General Assembly, by a simple majority vote, to extend or terminate a gubernatorial disaster emergency declaration, or a portion thereof, as declared by an executive order or proclamation. *See* Pa. Const. art. III, § 9. The second of the Constitutional Amendments added new Section 20 to Article IV of the Pennsylvania Constitution, which section limits the

the Record was treated as an application pursuant to Rule of Appellate Procedure 2501(a) and was granted on October 29, 2021, as a post-submission communication to the Court advising the Court of the Joint Committee Order. *See* Pa.R.A.P. 2501(a).

3

duration of a gubernatorial disaster emergency declaration to 21 days absent an extension by concurrent resolution of the General Assembly. *See* Pa. Const. art. IV, § 20.

Following the adoption of the Constitutional Amendments, on June 10, 2021, the General Assembly approved a concurrent resolution terminating the Disaster Proclamation (Concurrent Resolution). Governor Wolf did not issue a new proclamation of disaster emergency following the approval of the Concurrent Resolution.

However, on August 31, 2021, in anticipation of a Commonwealth-wide return to in-person learning in the 2021-2022 school year, the Acting Secretary issued the Masking Order, effective September 7, 2021. Initially, the Masking Order provides an introductory statement that explains the Acting Secretary imposed the Masking Order to protect the health and safety of Pennsylvania's schoolchildren. *See* Masking Order at 1-3. The introductory statement outlines the Acting Secretary's purported authority to impose the Masking Order as follows:

> COVID-19 is a threat to the public's health, for which the Secretary of Health may order general control measures. This authority is granted to the Secretary of Health pursuant to Pennsylvania law. *See* [S]ection 5 of the Disease Prevention and Control Law [Act of April 23, 1956, P.L. (1955) 1510 (Disease Control Law)], 35 P.S. § 521.5; [S]ection 2102(a) of The Administrative Code of 1929, 71 P.S. § 532(a); and the Department of Health's regulation at 28 Pa. Code § 27.60 (relating to disease control measures). Particularly, the Department of Health [] has the authority to take any disease control measure appropriate to protect the public from the spread of infectious disease. *See* 35 P.S. § 521.5; 71 P.S. §§ 532(a), and [Section 8 of the Act of April 27, 1905,

4

> P.L. 312, *as amended*, 71 P.S. §] 1403(a); 28 Pa.
> Code § 27.60.
>
> Masking Order at 3. Section 2 of the Masking Order
> contains a "General Masking Requirement" that requires:
>
> > Each teacher, child/student, staff, or visitor
> > working, attending, or visiting a School Entity
> > shall wear a face covering indoors, regardless of
> > vaccination status, except as set forth in Section 3.
>
> Masking Order at 4. Regarding the duration of the
> Masking Order, Section 6 indicates that, once effective,
> the Masking Order "shall remain in effect until otherwise
> terminated." Masking Order at 6.

*Corman*, slip op. at 3-9 (footnotes omitted).

Petitioners filed the Petition for Review in this matter on September 8, 2021, followed by an Application for Emergency Relief Seeking a Preliminary Injunction (Preliminary Injunction Application) on September 13, 2021, which seeks a preliminary injunction staying the implementation of the Masking Order and enjoining Respondent from issuing further school masking directives until the Court can determine the issues raised in the Petition for Review. The Acting Secretary filed Respondent's Answer to Petitioners' Application for Emergency Relief Seeking a Preliminary Injunction on September 20, 2021.

Following a pre-hearing conference conducted on September 28, 2021, on agreement of the parties, by order dated September 29, 2021, the Court stayed the hearing on the Preliminary Injunction Application and directed the parties to file

applications for summary relief.[4] *See* Order dated September 29, 2021, at 1-2. On October 4, 2021, the parties filed Petitioners' Application and Respondent's Application, and the Court scheduled the matters for oral argument *en banc* to be argued seriately with *Corman*, which presented the same legal question regarding the Acting Secretary's issuance of the Masking Order.

Following oral argument, the Court issued its decision in *Corman* holding that the Acting Secretary improperly issued the Masking Order without complying with the rulemaking requirements of the Regulatory Review Act, Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§ 745.1-745.15, and in the absence of a gubernatorially-declared disaster emergency issued pursuant to the Emergency Code, 35 Pa.C.S. § 7301(c). *See Corman*, slip op. at 11-30. As a result, the Court declared the Masking Order to be void *ab initio*, an outcome which renders the claims of the instant matter moot. *See Corman*, slip op. at 30-31.

Accordingly, based on this Court's decision in *Corman*,[5] we dismiss both Petitioners' Application and Respondent's Application as moot and dismiss the Petition for Review.

_____
CHRISTINE FIZZANO CANNON, Judge

President Judge Brobson and Judges Cohn Jubelirer, Covey, and Crompton did not participate in this decision.

---

[4] The order further directed, on agreement of the parties, that the Prothonotary mark Count VI of the Petition for Review, which sought to invoke this Court's appellate jurisdiction, as withdrawn. *See* Order dated September 29, 2021, at 2.

[5] As a result of finding the current matter moot for the reasons stated in *Corman*, we need not reach the claims based on the Pennsylvania Constitution or the primacy of local health departments presented by Petitioners in the instant matter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.W., individually and on behalf of minor : 
children C.W., D.W. and M.W.; S.H., :
individually and on behalf of minor :
children C.H. and D.H., C.H., :
individually and on behalf of minor :
child M.J.L.; N.J., individually and on :
behalf of minor children J.J. and J.K.; :
R.M., individually and on behalf of :
minor child M.M.; C.A., individually :
and on behalf of minor child F.J.A., :
              Petitioners :
               :
       v. :
               :
Acting Secretary of the Pennsylvania :
Department of Health, Alison Beam, :   No. 297 M.D. 2021
              Respondent :

# O R D E R

AND NOW, this 10th day of November, 2021, Petitioners' Application for Summary relief filed by J.W., S.H., N.J., R.M., and C.A. (collectively, Petitioners), individually and on behalf of their minor children, and Respondent's Application for Summary Relief filed by Alison M. Beam, the Acting Secretary of Health, are DISMISSED as moot.

Petitioners' Petition for Review in the Nature of a Complaint is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.W., individually and on behalf          :
of minor children C.W., D.W. and          :
M.W.; S.H., individually and on           :
behalf of minor children C.H. and         :
D.H., C.H., individually and on behalf    :
of minor child M.J.L.; N.J., individually :
and on behalf of minor children J.J. and  :
J.K.; R.M., individually and on behalf    :
of minor child M.M.; C.A., individually   :
and on behalf of minor child F.J.A.,      :
                                          :
                    Petitioners           :
                                          :
            v.                            : No. 297 M.D. 2021
                                          : Argued:  October 20, 2021
Acting Secretary of the Pennsylvania      :
Department of Health, Alison Beam,        :
                                          :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

CONCURRING AND DISSENTING OPINION
BY JUDGE WOJCIK                          FILED:  November 10, 2021


I agree with the Majority that Petitioners' Petition for Review in the
Nature of a Complaint (PFR) should be dismissed.  However, I believe that the PFR
should be dismissed based on the grant of the Acting Secretary (Secretary) of the

Pennsylvania Department of Health's (DOH) Application for Summary Relief (ASR), and the denial of Petitioners' ASR.[1]

In disposing of the cross-ASRs on the merits, with respect to Counts I and II raised in Petitioners' PFR, I rely upon my Dissenting Opinion in *Corman v. Acting Secretary of the Pennsylvania Department of Health* (Pa. Cmwlth., No. 294 M.D. 2021, filed _____ __, 2021) (Wojcik, J., dissenting opinion).

In Count III of the PFR, Petitioners acknowledge that "[t]he Public School Code [of 1949 (School Code)[2]] does not define the terms 'medical examination' or 'medical treatment,'" yet they assert that "[f]ace masks constitute a

---

[1] As this Court has recently observed:

> Applications for summary relief filed in this Court's original jurisdiction are governed by Pennsylvania Rule of Appellate Procedure 1532(b), Pa. R.A.P. 1532(b), which provides that "[a]t any time after the filing of a petition for review . . . , the court may enter judgment if the right of the applicant thereto is clear." An application for summary relief under Rule 1532(b) is evaluated according to standard for a motion for summary judgment. A motion for summary relief may only be granted when "**the dispute is legal rather than factual**," there is **no genuine issue of material fact**, and the moving party is entitled to judgment as a matter of law. The evidence is to be reviewed in a light most favorable to the non-moving party. "Even if the facts are undisputed, the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." "Bold unsupported assertions of conclusory accusations cannot create genuine issues of material fact." "Summary [relief] may be entered only in cases that are clear and free from doubt."

*Delaware Riverkeeper Network v. Department of Environmental Protection* (Pa. Cmwlth., No. 525 M.D. 2017, filed August 3, 2021), slip op. at 13 (citations and footnote omitted); *see also* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 - 27-2702.

MHW-2

form of medical treatment to which religious and/or philosophical objections guaranteed under the Pennsylvania Constitution and [School Code] apply." PFR ¶¶69-70. Specifically, "[a]s face masks are being recommended to stop the spread of SARS-CoV-2 in order to prevent COVID-19 from occurring in humans, [by the federal Centers for Disease Control [and Prevention] and the Food and Drug Administration,] face masks are a form of prophylactic medical treatment." *Id.* ¶¶71-73. Article I, section 26 of the Pennsylvania Constitution,[3] Section 1419 of the School Code,[4] and Section 23.84(b) of DOH's regulations[5] preclude the Secretary from requiring treatment or discriminating against students based on their religious beliefs. PFR ¶¶67-68. "[Petitioners] have religious and/or strong moral ethical convictions similar to religious belief against the requirements to force [the students] to wear face masks during in-person education." *Id.* ¶75. As a result, Petitioners

---

[3] Pa. Const. art. I, §26. Article I, section 26 states: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

[4] Added by the Act of July 15, 1957, P.L. 937, 24 P.S. §14-1419. Section 1419 states:

> This article shall not be construed to compel any person to submit to any medical . . . examination or treatment under the authority of this act when the person or the parent or guardian of the person, if a minor, objects to the examination or treatment on religious grounds or to permit any discrimination against any person on account of such objections: ***Provided, That exemption from medical . . . examinations shall not be granted if the [Secretary] finds that facts exist under which the exemption constitutes a present substantial menace to the health of other persons exposed to contact with the unexamined person.***

(Emphasis added.).

[5] 28 Pa. Code §23.84(b). Section 23.84(b) states: "Children need not be immunized if the parent, guardian or emancipated child objects in writing to the immunization on religious grounds or on the basis of a strong moral or ethical conviction similar to a religious belief."

MHW-3

ask this Court to declare that the Secretary's August 31, 2021 Order violates article I, section 3 of the Pennsylvania Constitution[6] because it does not allow for a religious and/or philosophical exemption from its requirements, or to entirely strike it based on this defect. *Id.* ¶¶76-77; *id.* at 24.

However, the Secretary's Order "is a neutral law of general applicability" and "neither compels nor prevents [Petitioners] from exercising any religious beliefs." Secretary's ASR ¶¶30-31. Where a regulation neither targets a religious practice nor imposes burdens on religious conduct, a rational basis is only required and "the wearing of masks in the congregate setting of school entities is rationally related to the government objective of preventing the spread of COVID-19[.]" *Id.* ¶¶32-34 (citing *Combs v. Homer-Center School District*, 540 F.3d 231, 242-43 (3d Cir. 2008)). The Secretary's Order "does not compel medical treatment" and "'merely wearing a mask does not address any medical malady of the wearer[; r]ather, the covering of one's nose and mouth is designed to safeguard other citizens.'" *Id.* ¶¶35-36 (citation omitted). Indeed, were we to accept Petitioners' allegation in this regard, every surgeon would be receiving medical treatment every time he or she practiced his or her medical skill on every patient in every hospital across this country.

Additionally:

---

[6] Pa. Const. art. I, §3. Article I, section 3 states:

> All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; no man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; no human authority can, in any case whatever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.

A State is well within its authority to prevent an individual's indifference from hurting others. *See, e.g.*, *Jacobson v. Massachusetts*, 197 U.S. 11, 27 (1905); *Zucht v. King*, 260 U.S. 174 (1922) (upholding ordinance requiring children to be vaccinated before enrolling in public school); *Prince v. Massachusetts*, 321 U.S. 159 (1944) (upholding state vaccination law protecting children over the religious objections of their parents).

Secretary's ASR ¶38 (footnote omitted).

Moreover, as outlined above, Petitioners' reliance on Section 1419 of the School Code is misplaced as it specifically empowers the Secretary to reject the religious exemption from the medical examination or treatment if she "finds that facts exist under which the exemption constitutes a present substantial menace to the health of other persons exposed to contact with the unexamined person." 24 P.S. §14-1419. The Secretary specifically outlined the present "menace" to the health of the students underlying her decision to require wearing masks in school. *See* PFR, Exhibit A at 1-3. Likewise, as outlined above, Petitioners' reliance on Section 23.84(b) of DOH's regulations is misplaced as it only relates to a religious objection to vaccinations and the Secretary's Order does not require any COVID-19 vaccinations. *See id.*

In Count IV of the PFR, Petitioners assert that public education is a fundamental right that cannot be denied absent procedural due process, including notice and an opportunity to be heard, and that the Secretary's Order denies their fundamental right to education without procedural due process because it was not issued in compliance with the Regulatory Review Act[7] or the Commonwealth Documents Law.[8] PFR ¶¶79-84.

---

[7] Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§745.1-745.15.

[8] Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§1102-1602; 45 Pa. C.S. §§501-907.

Moreover, under article I, sections 1,[9] 25,[10] and 27[11] of the Pennsylvania Constitution, students have an "inherent and indefeasible right[]" to breathe without restriction the deprivation of which is subject to procedural due process, which was not afforded in this case. PFR ¶85. Finally, the instant Order differs from the Governor's Universal Masking Order in effect in the 2020-2021 school year, which was upheld in *Friends of Danny DeVito v. Wolf*, 227 A.3d 872 (Pa. 2020), because it was issued without an active emergency declaration and outside of the provisions of the Emergency Management Services Code, 35 Pa. C.S. §§7501-7931. PFR ¶86.[12] Because the Secretary's Order was issued without procedural due process, Petitioners assert that this Court should declare it void and strike the Order. *Id.* ¶87; *id.* at 26.

However, contrary to Petitioners' assertion, the Secretary was not required to issue her Order under either the Regulatory Review Act or the Commonwealth Documents Law for the reasons expressed in my Dissenting Opinion in *Corman*. Additionally, there must be the deprivation of a civil right before procedural due process rights are implicated, and the Secretary's Order does not deprive students of either a right to education, the right to breathe, or any other

---

[9] Pa. Const. art. I, §1. Article I, section 1 states, in relevant part: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life. . . ."

[10] Pa. Const. art. I, §25. Article I, section 25 states: "To guard against transgressions of the high powers which we have delegated, we declare that everything in this article is excepted out of the general powers of government and shall forever remain inviolate."

[11] Pa. Const. art. I, §27. Article I, section 27 states, in pertinent part: "The people have a right to clean air. . . ."

[12] Again, the Secretary was empowered to issue her Order in the absence of Governor's Universal Masking Order for the reasons expressed in my Dissenting Opinion in *Corman*.

civil right; rather it allows students to breathe while reducing the risk of transmitting or receiving the SARS-CoV-2 virus causing COVID-19. Secretary's ASR ¶¶41-46, 55. Moreover, even if some process was due, the "[p]rotection of the health and safety of the public is a paramount governmental interest which justifies summary administrative action." *Friends of Danny DeVito*, 227 A.2d at 898. Given the rapid spread of COVID-19 among school-aged children as outlined in the Secretary's Order, a pre-deprivation process was not feasible and the Secretary acted pursuant to her authority under The Administrative Code of 1929,[13] the Disease Prevention and Control Law of 1955,[14] and DOH's regulations, and not the Emergency Management Services Code, so no disaster declaration was required. Secretary's ASR ¶¶51-55.

In Count V of the PFR, Petitioners assert that Section 4 of the Religious Freedom Protection Act (RFPA) prohibits DOH from "substantially burden[ing students'] free exercise of religion, including any burden which results from a rule of general applicability," except where the burden is "in furtherance of a compelling interest of the agency," and "the least restrictive means of furthering the compelling interest." 71 P.S. §2404.[15] In this case, the Secretary's Order "substantially burdens

---

[13] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§51-732.

[14] Act of April 23, 1956, P.L. (1955) 1510, *as amended*, 35 P.S. §§521.1-521.21.

[15] Act of December 9, 2002, P.L. 1701, 71 P.S. §§2401-2408. Section 4 of the RFPA states:

> **(a) General rule.--**Except as provided in subsection (b), an agency shall not substantially burden a person's free exercise of religion, including any burden which results from a rule of general applicability.

**(Footnote continued on next page…)**

MHW-7

their free exercise of religion for the reasons previously asserted" and "was not issued in furtherance of a compelling [DOH] interest" because it "requires healthy individuals (rather than individuals infected with COVID-19) to wear masks[.]" PFR ¶¶90-91. Additionally, it "is not the 'least restrictive means of furthering' any

---

**(b) Exceptions.--**An agency may substantially burden a person's free exercise of religion if the agency proves, by a preponderance of the evidence, that the burden is all of the following:

(1) In furtherance of a compelling interest of the agency.

(2) The least restrictive means of furthering the compelling interest.

71 P.S. §2404. In addition, Section 5(a), (e), and (f) of the RFPA states, in relevant part:

**(a) Claim or defense.--**A person whose free exercise of religion has been burdened or likely will be burdened in violation of section 4 may assert that violation against an agency as a claim or defense in any judicial or administrative proceeding.

\* \* \*

**(e) Jurisdiction.--**A person alleging a violation of section 4 by a Commonwealth agency may bring an action in Commonwealth Court in accordance with this section and the applicable rules of court. . . .

**(f) Remedies.--**If a person asserts a claim or defense in accordance with this section and proves, by clear and convincing evidence, that the person's free exercise of religion has been burdened or likely will be burdened in violation of section 4, a court may award the person such declaratory or injunctive relief as may be appropriate. No court shall award monetary damages for a violation of this act. Unless the court finds that the actions of the agency were dilatory, obdurate or vexatious, no court shall award attorney fees for a violation of this act.

71 P.S. §2405(a), (e), (f).

MHW-8

alleged [DOH] interest" for the same reason. *Id.* ¶92.[16] As a result, this Court should grant the declaratory and injunctive relief provided in Section 5(f) of the RFPA, 71 P.S. §2405(f), based on the Secretary's violation of Section 4 of the RFPA, 71 P.S. §2404. PFR ¶94-95; *id.* at 28.

However, in applying the RFPA, "Pennsylvania courts scrutinize claims of religious burden to determine if the burdened activity is truly 'fundamental to the person's religion.' *Commonwealth v. Parente*, 956 A.2d 1065, 1074 (Pa. Cmwlth. 2008)." Secretary's ASR ¶58. Additionally, Petitioners "'must meet the threshold burden of showing, by clear and convincing evidence, that there is or will be denial or *substantial* infringement of *conduct or expression* which violates a specific tenet of his or her religious faith. . . .'" *Id.* ¶59 (citation omitted and emphasis in original). Petitioners have failed to allege, by clear and convincing evidence, that the students' wearing of a face covering while in school constitutes a substantial burden on the free exercise of religion. *Id.* ¶60. Moreover, even if it does, it is permissible under Section 4(b) of the RFPA because it is in furtherance of a compelling DOH interest and it is the least restrictive means of furthering that interest while still allowing for in-person education. *Id.* ¶61, 64, 65. *See, e.g.*, *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63, 67 (2020) ("Stemming the spread of COVID-19 is unquestionably a compelling interest."); *Friends of Danny DeVito*, 227 A.2d at 898 ("Protection of the health and safety of the public is a paramount governmental interest which justifies summary administrative action."). As a result, Petitioners' RFPA claims are without merit.

---

[16] Petitioners need not comply with the 30-day notice requirement of Section 5(c)(1) and (2) of the RFPA, 71 P.S. §2405(c)(1) and (2), because the Secretary's action was "imminent" and they were "not informed and did not otherwise have knowledge of [her] exercise of governmental authority in time to reasonably provide notice." PFR ¶93.

Finally, in Count VI, Petitioners appeal the Secretary's Order to the extent that it is appealable under Section 5105(a)(1) of the Judicial Code, 42 Pa. C.S. §5105(a)(1), for the same reasons stated above: (1) it is ineffective in counties with a health department; (2) the Secretary lacks the legal authority to require masks in schools; (3) the Secretary's Order violates the Pennsylvania Constitution by not allowing for religious and philosophical objections to the requirement; (4) the Secretary's Order violates procedural due process; and (5) the Secretary's Order violates the RFPA by substantially and impermissibly burdening Petitioners' free exercise of religion. However, as outlined in the Dissenting Opinion in *Corman*, and as outlined above, these claims are without merit.

Accordingly, unlike the Majority, I would grant the Secretary's ASR and deny Petitioners' ASR; however, like the Majority, I would dismiss Petitioners' PFR.

_____
MICHAEL H. WOJCIK, Judge

MHW-10